1  CAROLINE L. FOWLER, City Attorney (SBN 110313)
   JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Rm. 8
3  Santa Rosa, California 95402
   Telephone:  (707) 543-3040
4  Fax:  (707) 543-3055

5  Attorney for Defendants
   CITY OF SANTA ROSA; ED FLINT, an individual and former Chief of the
6  SANTA ROSA POLICE DEPARTMENT; and SRPD Sgt. RICHARD CELLI,
   SRPD Officers RYAN HEPP, BRENT JOLIFF, TIMOTHY GILLETTE,
7  ADRIA COOPER AND MARLEE WELLINGTON

8  EVAN MARTYNDALE LIVINGSTONE, ESQ. (SBN 252008)
   182 Farmers Lane, Suite 100A
9  Santa Rosa, California 95405
   Telephone: (707) 571-8600
10 Facsimile:   (707) 676-9112

11 Attorney for Plaintiff
   ALBERT THOMAS RUIZ III
12

13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14

15 ALBERT THOMAS RUIZ III,            Case No.: CV 09-3952 VRW

16          Plaintiff,                **JOINT CASE MANAGEMENT
                                      CONFERENCE STATEMENT**
17      vs.
                                      Date:   December 10, 2009
18 CITY OF SANTA ROSA, et al.         Time:   3:30 p.m.
                                      Ctrm:   6
19          Defendants.      /        Judge:  Hon. Vaughn R. Walker

20

21                          **1.  JURISDICTION**

22      This action arises under Title 42 of the United States Code § 1983. Jurisdiction is

23 conferred pursuant to Title 28 of the United States Code §§1331 and 1343. All parties have been

24 served. Jurisdiction and venue are not in dispute.

25                              **2.  FACTS**

26      **Defendants' Contentions**: This civil rights, personal injury case arises from the arrest of

27 plaintiff Ruiz after broke a six foot long tree stake off at ground level, and began yelling and

28 swinging the stake at passing vehicles in the roadway on W. Steele Lane at about 1830 hours on

May 5, 2008.  When approached by Sgt. Celli, plaintiff Ruiz began beating the stake on the ground and walking towards Sgt. Celli who ordered him to submit to arrest and lay on the pavement.   Plaintiff Ruiz refused, stating "I'm not doing nothing, what are you gonna do?"  Sgt. Celli ordered plaintiff Ruiz to submit to arrest.  Ruiz refused.  Sgt. Celli deployed his X26 taser, and plaintiff fell to the ground.  Sgt. Celli stopped the taser, and ordered plaintiff Ruiz to submit to arrest.  Plaintiff Ruiz began to get up off the ground, and Sgt. Celli used the taser again.  Plaintiff Ruiz finally submitted to handcuffing.  Sgt. Celli noted a moderate odor of alcoholic beverages, red and watery eyes and slurred speech.  Plaintiff Ruiz was verbally hostile and stated that Sgt. Celli needed to release him from custody.

Officer Ryan Hepp arrived on scene, and heard and observed that plaintiff Ruiz was verbally aggressive yelling vulgarities at officers.  Officers Hepp and Wellington escorted plaintiff Ruiz toward the patrol car in double rear wrist locks and he walked only with physical assistance.   Plaintiff Ruiz was uncooperative.

Officer Hepp was unable to secure plaintiff Ruiz in the backseat of the patrol car after the rear wrist locks, or by pushing down on his shoulder with his hands.  Officer Hepp opened the rear right door of the patrol car and told plaintiff Ruiz to sit down.  Plaintiff Ruiz looked at Officer Hepp with a blank stare.  Office Hepp told Officer Ruiz a second time "Sit down!"  Plaintiff Ruiz flexed his muscles in his arms, and locked out his knees as he wedged his body, neck and shoulder against the door frame of the vehicle refusing to enter the back seat.  Officer Hepp placed his left hand on plaintiff Ruiz's left shoulder and tried to push down while he ordered "Sit down now!".  Plaintiff Ruiz yelled "Make me" and turned toward Officer Hepp in an aggressive pose.  Based on plaintiff Ruiz's uncooperative behavior and expressed aggression, Officer Hepp believed that plaintiff Ruiz was about to assault Officer Hepp with a shoulder or head butt.  Officer Hepp immediately recognized the threat and initiated a single open hand palm heel strike to plaintiff Ruiz's midsection (stomach area) with his right hand.  The strike did not slow plaintiff Ruiz as he continued turning toward Officer Hepp and yelled.  The single heel strike to his torso did not seem to affect plaintiff Ruiz who looked directly at Officer Hepp and pursed his lips together as if about to spit on Officer Hepp.  Officer Hepp quickly struck plaintiff

1  Ruiz in the face two times with a palm heel strike.  Plaintiff Ruiz immediately stepped back, fell
2  down into the rear seat of the patrol car, and was secured in the back seat.   Plaintiff Ruiz did not
3  have visible injuries to his torso and was bleeding slightly from the nose and lip.
4       Plaintiff Ruiz was transported and booked for violations of Penal Code Sections 647f;
5  148(a)1 and 594(b)(4), and a parole hold for Violation of Parole: Felony (Penal Code § 3056).
6  **Plaintiff's Contention:**

### 3.  LEGAL ISSUES

8  **Defendants' Contentions**:  The primary legal issues in dispute relate to whether Sgt.
9  Celli and/or Officer Hepp used excessive force (*Graham v. Connor* 490 U.S. 386 (1989));
10 whether Sgt. Celli and/or Officer Hepp are entitled to qualified immunity (*Saucier v. Katz* 121
11 S.Ct. 2151 (2001)); whether Sgt. Celli and/or Officer Hepp unreasonably seized Mr. Ruiz;
12 whether plaintiff Ruiz suffered compensable injury under any theory; whether City has any
13 independent liability under the holding of *Monell v. New York City Dept. of Soc. Serv*. 436 U.S.
14 658; 56 L.Ed.2d 611; 98S.Ct. 2018 (1978); and whether the officers' conduct was privileged
15 and/or immunized.
16 **Plaintiff's Contention**: Plaintiff agrees with Defendants' identification of primary legal
17 issues.

### 4.  MOTIONS

19      Defendants anticipate bringing motions under Rule 12 and 56.  If trial is necessary,
20 defendants anticipate bringing a motion to bifurcate liability and damages.  In addition, it may be
21 necessary for discovery motions to be brought.
22      Plaintiff does not anticipate bringing any motions at this time.

### 5.  AMENDMENT OF PLEADINGS

24      Plaintiff has dismissed defendants Adria Cooper, Timothy Gillette, Brent Joliff and
25 Marlee Wellington.  The pleadings are presently settled.

### 6.  EVIDENCE PRESERVATION

27      Both plaintiffs and defendants have taken steps to preserve evidence relevant to the issues
28 reasonably evident in this action.

### 7. DISCLOSURES

Defendants will make its initial disclosure under Rule 26 when ordered.

### 8. DISCOVERY

Plaintiff's representative Mary Ray's deposition is set for December 2, 2009. Depositions of percipient and party witnesses are being set. Defendant subpoenaed the Sonoma County Detention Center's records of Mr. Ruiz's visit. Defendant further intends to seek related third and first party writings related to the claim once disclosed via. The parties do not believe there is a need for limitations or modifications of the discovery rules at this time.

### 9. CLASS ACTIONS

Not applicable.

### 10. RELATED CASES

None.

### 11. RELIEF

How much is a brutal beat-down worth? Plaintiff does not know. Plaintiff would like to see Officer Hepp fired, to start with. And enough money to make Plaintiff feel recompensed for what happened, plus actual attorneys fees.

### 12. SETTLEMENT AND ADR

The CITY OF SANTA ROSA parties stipulate to Early Neutral Evaluation. In order for the process to be productive, the parties would request that scheduling of the Early Neutral Evaluation be delayed until the parties have at a minimum conducted some initial discovery.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties will not consent to a magistrate judge for further proceedings except for purposes of a settlement conference at some later date.

Plaintiff is willing to consent to a magistrate judge.

### 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a Special Master or Judicial Panel.

//

### 15. NARROWING OF ISSUES

Defendants anticipate filing dispositive motions as noted above after completing some initial discovery.

### 16. EXPEDITED SCHEDULE

This is not the type of case that can be handled on an expedited basis.

### 17. SCHEDULING

The parties request a further Case Management Conference in March or April 2010 to assess progress and with a goal of setting an ENE date.

### 18. TRIAL

The case will be tried to a jury. The parties anticipate the trial to last 2-3 days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None.

### 20. MISCELLANEOUS

Plaintiff's counsel Livingstone and defendants' counsel Fritsch met and conferred on November 10, 2009.

Dated: _____, 2009

OFFICE OF THE CITY ATTORNEY

/s/
_____
John J. Fritsch
Assistant City Attorney
Attorney for Defendants
CITY OF SANTA ROSA; ED FLINT, an individual and former Chief of the SANTA ROSA POLICE DEPARTMENT; and SRPD Sgt. RICHARD CELLI, SRPD Officers RYAN HEPP, BRENT JOLIFF, TIMOTHY GILLETTE, ADRIA COOPER and MARLEE WELLINGTON

Dated: December 1, 2009

*Evan Livingstone*
_____
Evan Martyndale Livingstone
Attorneys for Plaintiff
ALBERT THOMAS RUIZ III