CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
jfritsch@srcity.org
Telephone: (707) 543-3040
Facsimile:   (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; ED FLINT, an individual and former Chief of the
SANTA ROSA POLICE DEPARTMENT; SRPD Sgt. RICHARD CELLI,
SRPD Officers RYAN HEPP, BRENT JOLIFF, TIMOTHY GILLETTE,
ADRIA COOPER and MARLEE WELLINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT THOMAS RUIZ III, | Case No. CV 09-3952 VRW |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** [FRCP 56] |
| v. | |
| CITY OF SANTA ROSA, former SRPD Chief ED FLINT, SRPD Officer RYAN HEPP, SRPD Sgt. RICHARD CELLI, Officers BRENT JOLIFF, TIMOTHY GILLETTE, ADRIA COOPER, MARLEE WELLINGTON, and DOES 1 to 5, inclusive, | [DEMAND FOR JURY TRIAL] Date: June 17, 2010 Time: 10:00 a.m. Ctrm: 6 Judge: The Honorable Vaughan Walker |
| Defendants. | Trial Date: None |

Defendant Santa Rosa Police Department Officer RYAN M. HEPP (HEPP), and the CITY OF SANTA ROSA (CITY) respectfully submit this Reply Brief in support of Motion for Summary Judgment.

**THE MOTION NEGATES ESSENTIAL ELEMENTS OF PLAINTIFF'S CASE**

Initially, it should be noted that if the party opposing summary judgment fails to proffer affidavits or other evidence and set out specific facts showing a genuine issue for trial, summary judgment should, if appropriate, be entered against that party. FRCP 56(e)(2); *Beard v. Banks* 548 U.S. 521, 527, 126 S. Ct. 2572, 2577 (2006). The court may rely

1   entirely on the evidence designated by the moving party showing no triable issue exists.
2   *Carmen v. San Francisco Unified School District* 237 F.3d 1026, 1029 (9th Cir. 2001). While
3   the opposition papers do offer some argument by counsel, the opposition papers do not
4   offer any facts, affidavits or qualified opinion to set out a genuine issue for trial.

5       The undisputed facts negate essential elements of each of the pleaded causes of
6   action.  Officer Hepp is a properly trained officer who acted within a modern use-of-
7   force policy.  Notwithstanding unfounded opinion and argument about what a
8   reasonable officer "could and would have thought" under the circumstances
9   (Opposition 5:1-5), Officer Hepp in the event escalated the use-of-force properly to
10  achieve a lawful purpose, and, in doing so, obtained compliance with a minimal amount
11  of force.  To say in the opposition papers that Officer Hepp was "not thinking of
12  alternatives" (Opposition 5:21-23) is not only a complete misstatement of the
13  undisputed facts, but it implies a "one size fits all" use-of-force mentality that may be
14  associated with a Rodney King type of scenario that is utterly absent on the facts of this
15  case.  The undisputed facts are that Officer Hepp used several alternative methods,
16  escalating the use-of-force in a measured way before finally obtaining compliance, and
17  did obtain compliance with a minimal amount of force.  The opposition argument is
18  wrong on the facts.

19      With respect to the amount of force used by Officer Hepp, the opposition papers
20  rest the excessive force argument on the words "punch" (Opposition 2:11-14; 3:8-9; 5:3-
21  4; 6:7-9) and "socked" (Opposition 6:1-2), and nothing more.  Nothing is proffered that
22  disputes the facts about the nature of the injury set forth in the moving papers, and
23  those undisputed facts support a conclusion of reasonable force.  What is more is that
24  plaintiff's opposition papers represent the best available argument and evidence that
25  plaintiff can muster, and nothing is proffered except two active verbs that are so vague
26  as to be not helpful in the analysis.
27  //
28  //

**CONCLUSION**

In closing, CITY OF SANTA ROSA and its Santa Rosa Police Department did not act with deliberate indifference and its policies are sound policies not causally related to plaintiff RUIZ's claims. CITY OF SANTA ROSA respectfully requests that the court grants its motion.

Officer HEPP acted objectively reasonably at all times and his use-of-force was reasonable. Officer HEPP respectfully requests that the court grant his motion on the grounds that plaintiff RUIZ's constitutional rights were respected, not violated. In the alternative, Officer HEPP respectfully requests that the court conclude that he is entitled to qualified immunity and that the court dismiss the case.

OFFICE OF THE CITY ATTORNEY

Dated: May ____, 2010

/s/
_____
John J. Fritsch
Assistant City Attorney
Attorney for Defendants
CITY OF SANTA ROSA; SRPD Officer RYAN HEPP